Owen McGivern, J.
Plaintiff herein moves for a temporary injunction restraining the prosecution of a pending arbitration. By cross motion, the defendant the Jason Corporation, appearing specially, moves, pursuant to rules 106 and 107 of the Rules of Civil Practice, for dismissal of the complaint, upon the *522 ground that the court does not have jurisdiction of the subject matter; by further cross motion, appearing specially, it also moves to vacate the order to show cause, and to dismiss the motion for temporary injunction, and vacate the stay therein contained, upon the ground that the order expired by reason of the failure of the plaintiff to effect service pursuant to its terms; it is also requested that the purported service of the summons be set aside upon the ground that same was not made in accordance with applicable rules and statutes, and upon the further ground that the defendant is a foreign corporation not doing business in this State.
Thus, it appears the defendant has requested not alone relief pursuant to rules 106 and 107 of the Rules of Civil Practice, but it also opposes on the merits, and presses for dismissal upon grounds, other than of jurisdiction of the person and of the subject matter. Accordingly, the special appearance is meaningless, and the only surviving issue on the cross motions is the claimed lack of jurisdiction of the subject matter, urged pursuant to rules 106 and 107.
Heretofore, defendant had demanded arbitration, and the plaintiff moved, by special proceeding, for a stay thereof. Throughout that proceeding, and the appeal therein, plaintiff took the position that the defendant in contracting as it did, committed fraud and deceit. However, the arbitration provision in question was broad in its terms and embraced any dispute or claim of damage arising upon alleged fraud and deceit. Arid the stay of arbitration was denied. It is noteworthy that no reference was made in that proceeding to the subject of the cause of action herein presented, to wit, one in equity for rescission upon the ground of fraud and deceit.
In Matter of Wrap-Vertiser Corp. (Plotnick) (3 N Y 2d 17, 19-20) Yah Yoorhis, J., writing for the court, stated: “ The possibility of pursuing the remedies of rescission and damages simultaneously does not alter the circumstances that Plotnick is here seeking only damages. He has not rescinded nor does he seek rescission either alone or in conjunction with damages. He has elected to affirm the contract and bases his contentions upon its binding force, as Justice Boteih’s dissenting opinion states at the Appellate Division. If he were seeking rescission, none of the items in his arbitration demand could be arbitrated until the issue of rescission had been determined in the courts. * * * Even if he had rescinded or asked for rescission, such an issue would have had to have been decided in court before it could be known that an agreement existed supplying a foundation for the jurisdiction of the arbitrators.”
*523 The court further stated (p. 19): “ Even in view of his affirmance of the contract, it is still for the courts to determine whether he has been damaged by fraud in being induced to enter into this agreement. Item 1 of Plotnick’s arbitration demand does not spell out an arbitrable dispute within the arbitration clause in this contract.” Therein, the arbitration provision was not sufficiently broad to embrace a dispute based upon a claim of fraud and deceit, nor was rescission sought. But in the matter before us, rescission is sought, and such an issue is for the court, and not for arbitration. Accordingly, the prior proceeding is held not to be res judicata, and the court presently does have jurisdiction. Thus, temporary injunction is in order, and the cross motions are denied, and the main motion is granted. Settle order, at which time suggestions as to the amount of bond will be received.